KLESTADT WINTERS JURELLER
 SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
tklestadt@klestadt.com
200 West 41 Street, 17th Floor
New York, New York 10036-7203
(212) 972-3000

*Counsel for Plaintiff Hooper Holmes Inc. Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOOPER HOLMES, INC., d/b/a PROVANT HEALTH, et al., | Case No. 18-23302 (RDD) |
| Debtors. | (Jointly Administered) |
| HOOPER HOLMES INC. LIQUIDATION TRUST, | Adversary Proceeding No 20- |
| Plaintiff, | |
| vs. | **COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS** |
| AMAZON.COM, INC., | |
| Defendant. | |

Hooper Holmes Inc. Liquidation Trust (the "Trust" or "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers made by one or more of the above-captioned Debtors (together, the "Debtors")[1] to or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Hooper Holmes, Inc. (9359); Hooper Distribution Services, LLC (6838); Hooper Wellness, LLC (6005); Accountable Health Solutions, LLC (9625); Hooper Information Services, Inc. (4927); Hooper Kit Services, LLC (8378); and Provant Health Solutions, LLC (8511). The location of the Debtors' corporate headquarters was 560 N. Rogers Road, Olathe, KS 66286 (together, the "Debtors").

for the benefit of Amazon.Com, Inc. (the "Defendant"), on knowledge as to itself and as to all other matters on information and belief, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks a money judgment relating to certain transfers identified on **Exhibit A** hereto in the aggregate amount of $60,000 made by one or more of the Debtors to Defendant in the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (each transfer, an "Avoidable Transfer" and, collectively, the "Avoidable Transfers").

2. Specifically, Plaintiff seeks entry of a judgment against Defendant (i) avoiding the Avoidable Transfers pursuant to 11 U.S.C. § 547(b), or, in the alternative, subject to proof, to avoid and recover pursuant to 11 U.S.C. §§ 544(b) and 548 any transfers that may have been fraudulent conveyances, and pursuant to 11 U.S.C. § 549 any unauthorized transfers that cleared post-petition; (ii) preserving for the benefit of the Trust, as the designee of the Debtors' estates, the Avoidable Transfers or the value thereof pursuant to 11 U.S.C. § 551; (iii) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iv) disallowing any claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502 (a) through (j) ("Section 502").

3. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' Chapter 11 estates (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's and/or Debtors' right to object to such Claims for any reason including, but not limited to, Section 502, and such rights are expressly reserved.

**JURISDICTION AND VENUE**

4.  The United States Bankruptcy Court for the Southern District of New York (this "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

5.  The statutory and legal predicates for the relief sought herein are sections 502, 544, 547, 548, 549, 550 and 551 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.  This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 et seq.

**PROCEDURAL AND FACTUAL BACKGROUND**

8.  On August 27, 2018 (the "Petition Date"), each of the Debtors commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

9.  On December 14, 2019, the Debtors filed their *Disclosure Statement for Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 293] (the "Disclosure Statement").

10. On December 28, 2019, the Debtors filed their *Amended Joint Plan of Liquidation of Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 318] (as amended, modified, or supplemented, including plan supplements and all other exhibits and schedules, the "Plan").

11. On January 2, 2019, the Court entered an order preliminarily approving the Disclosure Statement [Docket No. 310].

3

12. On January 24, 2019, the Debtors filed their Plan Supplement [Docket no. 352], which contained a copy of the Hooper Holmes Liquidation Trust Agreement ("Trust Agreement").

13. Subsequently, on January 31, 2019, the Court entered an order confirming the Plan [Docket No. 361]. The Plan became effective on February 12, 2019 (the "Effective Date") [Docket no. 375].

14. The Plan established the Trust as a liquidating trust, effective as of the Effective Date, for the sole purpose of liquidating the Trust assets, with no objective to continue or engage in the conduct of trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust and the Plan.

15. Pursuant to Sections 2.02 and 2.04 of the Trust Agreement, after the Effective Date, only the Trust has authority to maintain, prosecute, settle, dismiss, abandon, or otherwise dispose of avoidance actions (the "Trust Avoidance Actions"). The Trust is vested with the right to, among other things, compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise resolve or settle claims in favor of, or against, the Trust (including the Trust Avoidance Actions). Furthermore, the Trust may enter into and consummate settlements and compromises of Trust Avoidance Actions without notice to, or approval by, the Court.

16. Prior to the Petition Date, the Debtors provided comprehensive health and wellbeing programs offered through organizations' sponsorship. These services included on-site biometric screening services and flu shots, laboratory testing, health risk assessment, and sample collection services to, among others, corporate and government employers, health plans, wellbeing companies, and third party administrators. Through the Debtors' comprehensive health and wellbeing services, the Debtors also provided health coaching to support positive health risk

4

migration for individuals. Accordingly, Debtors maintained business relationships through which the Debtors regularly purchased, sold, received, and/or delivered goods and services from various entities including vendors, creditors, suppliers and distributors.

17. During the ninety (90) days before the Petition Date, that is between May 28 and August 26, 2018 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

18. During the course of their relationship, the Debtors and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "Agreements"), pursuant to which the Debtors and Defendant conducted business with one another.

19. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest in Debtors' property made by the Debtors to Defendant within the Preference Period.

20. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or otherwise. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee.

21. Because the Debtors' records may not have identified all transfers made by the Debtors of an interest in the Debtors' property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend the original Complaint to include: (i) further information regarding the Avoidable Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name or identity, (iv) additional defendants,

and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. §§ 542, 545 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

22. Plaintiff acknowledges that some transfers may be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as if fully set forth herein.

24. During the Preference Period, one or more of the Debtors made the Avoidable Transfers to, or for the benefit of, the Defendant in the amounts set forth in the chart annexed as Exhibit A hereto, which is incorporated by reference herein.

25. During the Preference Period, Defendant was a creditor at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which one or more of the Debtors were obligated to pay in accordance with the Agreements.

26. The Avoidable Transfers were transfers of an interest in the Debtors' property.

27. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant--then a creditor within the meaning of Bankruptcy Code section 547(b)(1)--because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by one or more of the Debtors.

28. The Avoidable Transfers were made for or on account of antecedent debts owed by one or more of the Debtors before each Avoidable Transfer was made.

6

29. The Avoidable Transfers were made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f). Further, as evidenced by the Disclosure Statement, as well as the proofs of claim that have been received to date by the Debtors, the Debtors' liabilities exceed their assets. As set forth in the Disclosure Statement, it is estimated that general unsecured creditors will receive less than full value on account of their claims against the Debtors.

30. The Avoidable Transfers were made on or within 90 days prior to the Petition Date.

31. The Avoidable Transfers enabled Defendant to receive more than it would receive if (a) the case were a case under chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

32. Defendant was the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

33. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as a preferential transfer pursuant to 11 U.S.C. § 547(b).

### COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

35. The Avoidable Transfers were made within two (2) years prior to the Petition Date.

36. The Avoidable Transfers were made to, or for the benefit of, the Defendant.

7

37. Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services subsequently received, Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the services and/or goods were in fact less in value than the Avoidable Transfers or (b) because the Debtor was not the Debtor incurring the debt and Debtors were: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured (the "Potentially Fraudulent Transfers").

38. The Avoidable Transfers either (a) were made while the Debtors were insolvent or were in the zone of insolvency; (b) left the Debtors with unreasonably small capital; and/or (c) were made while the Debtors intended to incur or believed that they had incurred debts that they would not be able to pay as they became due.

39. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

### COUNT III - TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as if fully set forth herein.

41. The Avoidable Transfers are property of the estate of one or more of the Debtors.

42. Therefore, the Avoidable Transfers, or the value thereof, should be preserved for the benefit of the Debtors' estates pursuant to § 551 of the Bankruptcy Code.

## COUNT IV- AVOIDANCE OF UNAUTHORIZED
## POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

44. Subject to proof, Plaintiff pleads that to the extent any transfers made by the Debtors to Defendant, including the Avoidable Transfers identified herein, were transfers of an interest of the Debtors' property that cleared the Debtors' bank accounts after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfers were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, are property of the Estates that are avoidable pursuant to 11 U.S.C. § 549.

## COUNT V- TO RECOVER AVOIDABLE
## TRANSFERS PURSUANT TO 11 U.S.C. § 550

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 above as if fully set forth herein.

46. Plaintiff is entitled to avoid the Avoidable Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post-Petition Transfers pursuant 11 U.S.C. § 549 (the Avoidable Transfers, Potentially Fraudulent Transfers, and Post- Petition Transfers, collectively, "All Avoidable Transfers").

47. Defendant was the initial transferee of All Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit All Avoidable Transfers were made.

48. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than $60,000 plus interest thereon to the date of payment and the costs of this action.

## COUNT VI- TO DISALLOW
## CLAIMS PURSUANT TO 11 U.S.C. § 502(d) and (j)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth herein.

50. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

51. Defendant was the initial transferee of All Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit All Avoidable Transfers were made.

52. Defendant has not paid the amount of All Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

53. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' Chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoidable Transfers, plus interest thereon and costs.

54. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoidable Transfers.

   **WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant:

   (a) avoiding the Avoidable Transfers pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b);

   (b) avoiding all unauthorized Post-Petition Transfers pursuant to 11 U.S.C. § 549;

   (c) preserving for the benefit of the Debtors' estates All Avoidable Transfers or the value thereof pursuant to 11 U.S.C. § 551;

(d) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than $60,000 plus interest and costs;

(e) disallowing any claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502(d) and (j);

(f) granting the Trustee such other and further relief as may appear just and proper;

(g) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first communication to Defendant demanding return of All Avoidable Transfers to the date of judgment herein;

(h) awarding post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

(i) requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

(j) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 11, 2020

    KLESTADT WINTERS JURELLER SOUTHARD
    & STEVENS, LLP
    *Attorneys for Plaintiff Hooper Holmes Inc.*
    *Liquidation Trust*

By: */s/ Tracy L. Klestadt*
    Tracy L. Klestadt
200 West 41st Street, 17th Floor
New York, New York 10036-7203
(212) 972-3000
tklestadt@klestadt.com

11

**<u>Exhibit A</u>**

**<u>Exhibit A</u>**

**Hooper Holmes Liquidating Trust**
Unresponsive preference payments
*(-in $'s)*

| | | | | | | | | | | | $60,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **VendorListID** | **Case** | **Vendor Name** | **Address1** | **Address** | **Address** | **City** | **State** | **Zip** | **Reason for Payment** | **Payment Date** | **Payment** |
| 19 | 18-23302 | AMAZON GIFT CARDS | 410 TERRY AVENUE NORTH | | | SEATTLE | WA | 98109-5210 | TRADE/VENDOR | 6/13/2018 | 60,000 |

20-06498-rdd    Doc 1    Filed 08/11/20    Entered 08/11/20 16:4 Pg 13 of 13